IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HENRY NOLAN                                                                                                   PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:21-CV-8-DAS

KILOLO KIJAKAZI, ACTING COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## FINAL JUDGMENT

Plaintiff Henry Nolan filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 22. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on April 17, 2019, alleging onset of disability commencing on April 1, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on October 15, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the medically determinable impairments of residuals from right tibia and fibula fractures. However, at step two of the five-step sequential evaluation process, the ALJ found he did not have an impairment or combination of impairments

significantly limiting his ability to perform basic work-related activities for 12 consecutive months and thus found the impairments non-severe.

## ANALYSIS

The plaintiff argues that the ALJ erred in failing to find his impairments severe. The plaintiff's alleged disability results from a fractured tibia and fibula for which he underwent surgery. According to the plaintiff, the medical evidence of record, including Dr. James Adams' consultative examination and x-ray findings, provides proof that his impairments are severe. For example, Dr. Adams' report states that the plaintiff's right leg "hurts with weight-bearing, cold or rainy weather." Dr. Adams' x-ray report found "callus formation at the site of a healed compound fibular fracture, […] an intermedullary nail bridging the tibia, [and] a healed fracture of the middle one third diaphysis…." The plaintiff contends these findings document, at a minimum, more than a slight abnormality which should have been deemed severe under the standard set out in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) (finding "[a]n impairment is not severe only if it is slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience").

Initially and on reconsideration, the state agency physicians found the plaintiff's medically determinable impairments non-severe. Both reviewing physicians had the benefit of Dr. Adams' consultative examination report which documented full strength in the plaintiff's lower extremities, normal lumbar flexion, good manual dexterity, and some mild range of motion limitations in the right knee with mild muscle guarding but no joint effusion or crepitus. Further, the consultative x-rays showed no arthritic changes and alignment within normal limits. The ALJ

specifically noted that no additional objective medical evidence was received after the reconsideration determination.

While the plaintiff experienced a significant lower extremity injury, there is simply no evidence of related functional limitations that warrant finding his limitations severe. The objective medical evidence of record supports the ALJ's determination that the plaintiff's impairments caused no more than minimal limitations that would not interfere with his ability to work. Accordingly, the court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this the 16th day of February, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**